```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,        )
                                )           4:06CR3175
         v.                     )
                                )
SCOTT HOBSON,                   )
                                )         MEMORANDUM AND ORDER
              Defendant.        )
                                )
```

Defendant has moved again for a further extension of time in which to file pretrial motions, pointing out that the government has not produced requested information and/or documents, so the defendant cannot evaluate the government's evidence and adequately determine whether motions will be necessary. This is the fourth requested extension of time sought by the defendant resulting from the non-production of documentation on the case. It may be that the complexity of the case is such that it should be exempted entirely from the time limitations of the Speedy Trial Act, pursuant to 18 U.S.C. 3161(h)(8)(A) and (B)(ii), but there has been no request for such an exemption. Nevertheless, although the defendant has not filed a statement specifically concurring in the present request for additional time, it is clear from the statements made by defendant's counsel both in the present motion and the previous motion that the failure to grant the requested continuance would result in the defendant being rushed to trial without the benefit of adequate time to review the government's records and discovery. I find, therefore, that failure to grant the continuance would deny the defendant reasonable time to prepare his defense and adequately prepare for trial. The interests of the defendant in adequate representation of counsel and adequate preparation time for trial outweigh his and the public's interest in a speedy trial, taking into consideration the due diligence of counsel. The failure to grant

the requested extension of time in these circumstances would result in a miscarriage of justice.

However, these delays cannot go on indefinitely. Because the defendant's initial appearance was five months ago, it is appropriate that the court review the matter with counsel once the government has produced the information and documentation it has agreed to produce. I shall therefore review the matter with counsel at a status conference pursuant to Rule 17.1 of the Federal Rules of Criminal Procedure once the production has taken place and defendant has made a determination about filing motions.

IT THEREFORE HEREBY IS ORDERED:

1. The defendant's motion for extension of time to file pretrial motions, filing 21, is granted, and the defendant is given until July 20, 2007 to file pretrial motions.

2. The ends of justice will be served by granting such a motion, and outweigh the interests of the public and the defendant in a speedy trial, and the additional time arising as a result of the granting of the motion, the time between June 4, 2007 and July 20, 2007 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, for the reason that the parties require additional time to adequately prepare the case, taking into consideration due diligence of counsel, the novelty and complexity of the case, and the fact that the failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B).

3. Pursuant to Rule 17.1 of the Federal Rules of Criminal Procedure, a status conference with counsel shall be held in the chambers of the undersigned on Friday, August 3, 2007 at 10:00 a.m. The defendant may, but is not required to attend.

DATED this 4th day of June, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge